An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC E. EHLERS,
Appellant,
vs.
JOHNA L. EHLERS,
Respondent.

No. 61972

**FILED**

APR 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.

On appeal, appellant contends that the district court abused its discretion in awarding respondent $700 a month in spousal support for six years and $1,409 a month in child support for the parties' two children. Specifically, appellant asserts that the district court should not have considered his overtime pay in calculating his monthly income and should have imputed a larger income to respondent because she was only working part-time. The record, however, demonstrates that appellant included his overtime pay in at least one of his financial disclosure forms, and thus, the district court properly considered it in calculating his monthly income. *See Scott v. Scott*, 107 Nev. 837, 841, 822 P.2d 654, 656 (1991) (providing that overtime should be considered as income if it is substantial and can be determined accurately), *abrograted on other grounds by Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009). Further, the district court considered what respondent was capable of earning and imputed an income of $3,500 per week to respondent, which is almost $900 more than the income disclosed on her financial disclosure form. Accordingly, we

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11727

conclude that the district court's findings as to the parties' respective incomes are supported by substantial evidence, *see Shydler v. Shydler*, 114 Nev. 192, 196, 954 P.2d 37, 39 (1998), and that the district court did not abuse its discretion in calculating the child support and spousal support awards. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (holding that a district court's order concerning child support will not be overturned absent an abuse of discretion); *Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (explaining that this court reviews the district court's spousal support order for an abuse of discretion).

Appellant also contends that the district court abused its discretion in ordering him to pay respondent her share of his retirement benefits upon his retirement eligibility, if he chooses to continue working. Appellant argues that respondent's receipt of those benefits upon his retirement eligibility, but before his retirement, was not discussed at trial and was improperly added to the divorce decree. Appellant, however, fails to provide this court with the trial transcripts. He has an obligation to provide this court with an adequate appellant record. Thus, we assume the missing transcripts support the district court's decision. *See Raishbrook v. Estate of Bayley*, 90 Nev. 415, 416, 528 P.2d 1331, 1331 (1974) (providing that this court assumes evidence omitted from the record supports the district court's judgment). Accordingly, we conclude that the district court did not abuse its discretion when devising the distribution of the parties' interests in appellant's retirement benefits earned during the marriage. *See Gemma v. Gemma*, 105 Nev. 458, 464, 778 P.2d 429, 432 (1989) (providing that the nonemployee spouse can receive his or her share of the retirement benefits upon the employee spouse's eligibility to retire); *see also Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19.

Lastly, appellant challenges the portion of the divorce decree holding him in contempt and imposing sanctions for failing to pay ten mortgage payments on the marital home and ordering him to pay respondent the amount of the missed payments. Although appellant argues that contempt was improper because his failure to pay the mortgage payments benefitted both parties by qualifying them for a federal program that assists borrowers in reducing or eliminating a deficiency judgment related to a foreclosure or short sale, he does not argue that he was unaware of or unable to comply with the district court's order. As appellant violated the district court's order, we conclude that the district court properly held him in contempt and imposed sanctions. *See Div. of Child and Family Serv. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 454-55, 92 P.3d 1239, 1245-46 (2004) (explaining that a person can be held in contempt when he or she violates the obligation imposed by the court in a clear and unambiguous order). Further, the record indicates that appellant was originally ordered to make payments on the marital home, in which respondent and the children resided, as a form of temporary spousal support. Thus, we conclude that the district court did not abuse its discretion in ordering appellant to pay respondent the value of the missed mortgage payments as spousal support arrears. *Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19.

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Bryce C. Duckworth, District Judge, Family Court Division
Eric E. Ehlers
Thomas J. Fitzpatrick
Eighth District Court Clerk